ATWOOD, et al. *versus* CRAIG.

1. The act of 1827,[a] giving officers a summary remedy against parties who have executed indemnifying bonds, in consideration of levies, &c. is not to be rigidly construed against such officers in favor of the obligors.
2. In a judgment, on motion, under such statute, in favor of a constable; held—

First—Not necessary that the record should set out the notice at length—it reciting that *it appeared to the satisfaction of the court, that notice had been given sixty days before the term, of the pendency of the suit, &c., and of the motion.*

Second—That to sustain such judgment, the court will presume the notice to have been given, (as required,) in writing, unless the contrary appears.

Third—That unless *oyer* be craved, it is sufficient to set out the substance of the bond.

Fourth—That it was not essential to set out the date of the bond: nor that it should possess a date: and if the bond had been dated before the enacting of the statute, and the contingency happened afterwards, the obligee was entitled to resort to the remedy given by the act.

In error from Marengo Circuit court. This was a judgment obtained in the court below, by Craig, a constable, against the plaintiffs in error, on a bond which had been given by them to the said Craig, indemnifying him for selling property under execution. The record set out a notice by Craig to the other parties, stating that suit has been brought against him, for the property so sold, and apprising them that he would move the court, at the next term, to compel them to become parties to said suit, to defend the same; and on failure so to defend, and judgment being rendered against him, he would move the court

---

[a] *Vide* Aikin's Digest. 169, §53.

for judgment against them, on their indemnifying bond, in pursuance of the statute. The notice stated the substance of the bond, and was dated on the 10th of March, 1830. The record then set out the motion for judgment against the obligors, in the indemnifying bond, for the amount of the judgment rendered against Craig. The record showed further, that, at the September term, 1830, the plaintiff came, by his attorney, and it appearing that the said Craig had sold certain property, under execution, at the instance of the said H. S. Atwood, &c. the title whereof was doubtful, and that the said Atwood, &c. had made and executed a bond to indemnify said Craig therefor, setting out the penalty and the character of the bond, and that it further appeared to the court that suit had been brought against said Craig, and that he had given the other parties sixty days' notice, pursuant to the statute, of the pendency of the suit, against him, and of the motion, and a judgment having been recovered against said Craig, at the same term of the court, for such levy and sale, for the sum of seven hundred and and seventy-five dollars; wherefore judgment for that amount was rendered against said Atwood, &c.

The plaintiffs in error, sought a reversal of the judgment on the ground, chiefly, that the notice was insufficient; that it did not appear that it was served according to the requirements of the statute; that the notice should appear on the record, showing that it contained all the legal requisites: and that the bond of indemnity was not set out with sufficient certainty, nor shown to have been dated previous to the act of 1827, by which this remedy by motion was given.

LIPSCOMB, C. J.—The judgment sought to be reversed in this case, was obtained on the motion of John Craig, the defendant in error, on an indemnifying bond, given to him, as a constable, for the sale of three slaves, levied on by him, under an attachment, at the instance of the plaintiffs in error.

The record contains a notice in the following words, " To William Fluker, H. M. Bondurant, Henry S. Atwood, Shelby Corzine, Isaac Smith, and William Craig; you will please take notice, that, whereas I hold your joint-bond, in following substance, to wit: that I had in my possession, at the time of the execution of the said bond, three negroes, viz : a negro woman, named Mira, and her two children, Alfred and an infant, which said negroes I had levied on, by virtue of sundry executions, attachments, &c. to me, as constable directed, as the property of one Philip Goodbread, at your instance, which said negroes were claimed by one Edward Bradley and others; conditioned, that if I, as constable, should proceed to sell the said negroes, and pay over the money, as the law directed, that you would, if suit or suits should be brought against me, defend the same ; or, in failure, pay all cost and damages accruing thereon—which said negroes were sold by me, by virtue of said executions, attachments, &c, and the money paid over, according to law: and suit has been brought against me, as constable, for so selling, in the Circuit court of Marengo county, aforesaid, by one Edward Bradley, and is now pending, at the next term of the Circuit court. These are, therefore, to give you notice as the law directs, in such cases, made and provided, that I shall move the court, at the next term of the said court, for you, and each of

you, to become parties and defend said suit. And failure thereof so to defend as aforesaid, and judgment should be rendered against me in said suit, I shall move the court for judgment against you, and each of you, on the said bond, as the law directs.

*March* 10*th,* 1830. (Signed,)

JOHN CRAIG."

Next follows the motion and judgment, as follows: "John Craig *vs.* Henry S. Atwood, Hezekiah M. Bondurant, Shelby Corzine, William Fluker, William Craig. In the above case, the said John Craig moves the court, now here, for judgment for the sum of the amount of a verdict rendered against him as constable, for selling a negro woman, Mira, and her two children, at the instance of the defendants. The plaintiff avers, that the defendants gave the plaintiff an indemnifying bond in the sale of the said negroes; and he now moves the court for judgment under the statute, in such cases made and provided. The plaintiff avers that the defendants have had notice of this motion. (Signed,) J. GAYLE, for plff."

" At a Circuit court of the State of Alabama, begun and held for the county of Marengo, at the court house thereof, on the second Monday of September, in the year of our Lord one thousand eight hundred and thirty, the Honorable Henry W. Collier, Judge presiding: This day came the said plaintiff, by attorney, and it appearing to the satisfaction of the court, that on the —— day of —— ——, one Edward Bradley instituted a suit in this court against the said John Craig, as constable, in and for Marengo county, for levying upon and selling three certain negroes, the title of which was doubtful, and disputed; by virtue of certain executions placed in the hands of the

said John Craig, constable as aforesaid, in favor of the above named defendants, against one Philip Good-bread : and it further appearing to the satisfaction of the court, that the said defendants made and executed their bond, payable to the said John Craig, constable as aforesaid, in the penal sum of two thousand dollars, to indemnify him for levying upon and selling the property aforesaid ; and it appearing to the court, that the defendants have had sixty days notice, according to law, of the pendency of the suit aforesaid, before the present term of this court, and of this motion; and a judgment having been recovered, at the present term of this court, in said cause in favor of Edward Bradley *vs.* John Craig, constable as aforesaid, for the sum of seven hundred and seventy-five dollars. It is therefore considered by the court, that the said John Craig recover of the said defendants, the said sum of seven hundred and seventy-five dollars, the amount so recovered as aforesaid, together with the costs of this motion.

The plaintiffs in error have taken a great many objections to the judgment in this case: they will not be considered in the order in which they were presented, but resolved, into—first, objections to the notice, and, secondly, objections to the bond.

By the act of 1827, if an indemnifying bond has been taken, and suit is brought against the officer, and judgment recovered against him, such officer, by giving sixty days notice of the pendency of such suit before the trial thereof, may move for, and have judgment entered up against the obligors, in such bond, for the same amount recovered against him.

The plaintiffs contend, that it does not appear from the record, that the notice was served according to

the requisites of the statute. That it is not sufficient that the record should say that notice had been given sixty days; but that it should further show in which mode the notice had been given, and what way it had been proven to the court below. They insist that this notice should appear on the record, and contain all the circumstantial accuracy of the cause of action, that is required in a declaration in an ordinary suit. And they object to the notice spread on the record, both on account of its uncertainty and because it does not appear to have been executed on the parties.

From the notice being found on the record, the inference would be but fair, that it had been proven; if however we should reject the notice on record, because it is not supported by sufficient evidence, that it had been served on the parties, we would still be bound to believe, that notice had been given of the pendency of the suit, and that a motion would be made for judgment against them, on their indemnifying bond, in the event of judgment being rendered against the constable; because the judgment sets out, that it appeared to the satisfaction of the court that notice had been given, sixty days before the term, of the pendency of the suit; and of the motion. If the record had only set out that due notice had been given, or notice according to law, according to the rule in *Logwood* vs. *the Huntsville Bank*,[a] we should have held it bad, and reversed. But here the record avers the notice required by the statute, that sixty days, had been given. In this case there is a substantive fact averred; in the former a conclusion of law, without giving the facts to enable the revising court to determine whether that conclusion was correct or not.

a Ala. Reps 23

ATWOOD et al. *vs.* CRAIG.

The statute does not prescribe any particular mode in which the notice shall be given, nor does it require that it should be made a part of the record.— The notice should certainly be in writing, and we will presume that it was, unless the contrary appears; but there was no necessity for its appearing on the record. In the case before referred to, of *Logwood* vs. *the Huntsville Bank*, the record only showed, " that due notice had been given, that the Bank would move for judgment." By the charter, the Bank was authorised to move for judgment against the makers and indorsers of notes due, and made payable, to it, on giving ten days notice of such motion; the court held, that the record should have shown that ten days' notice had been given, and that it was not sufficient to say that "due notice had been given." The bank was an artificial person, and had neither rights nor remedies, other than those conferred on it by the charter of incorporation. But it is not so with the parties to the case under our consideration; they are natural persons, in the enjoyment of every legal right and remedy, not taken from them by the law. The indemnifying bond given by the plaintiffs in error, formed a good cause of action, without the aid of the act of 1827. That act only provides a more speedy and adequate remedy. The obligors in that bond have no right to invoke a rigid construction of the law, against the constable, nor a liberal one in their favor: the attitude in which they stand entitles them to no such privileges. In requiring the officer to proceed to levy and sell, they were fully apprised that they were treading on dangerous ground; they knew that they were requiring the officer to appropriate, by the sale, to their use, property to which a third-person

claimed title. It would, therefore, be, with ill grace that they could come into a court of justice, and attempt to saddle the constable, who had acted under their instructions, with the loss. There is imposed on them not only a legal obligation, but the strongest moral obligation to indemnify the constable. We believe, therefore, that the record shows that the plaintiffs in error, had sufficient notice of the pendency of the suit against the constable; and, also, that motion would be made against them for judgment, under the statute in the event of judgment's being rendered against the constable.

It is objected that the bond of indemnity, on which the motion was founded, is not set out in any part of the record, with sufficient certainty; that it is not shown to have been dated subsequent to the passage of the act of 1827, giving the remedy by motion, against the indemnifyers. The substance of the bond is given; and it is distinctly averred, that the plaintiffs in error did give such bond, and the judgment shews that the contingency, on which their liability should accrue, had happened. It was not essential to do more unless the obligors in that bond had craved *oyer* of it. Nor was it necessary to the validity of the bond, that its date should be set out, if it had one; or that it should be dated at all. If it was given before the passage of the act of 1827, and the contingency did not happen till subsequently to that period, the objection would not be available; the constable had a right to resort to the remedy given by that act. We are therefore of the opinion that the judgment must be affirmed.